FILED
SUPERIOR COURT
OF GUAM

2022 JUN 13 AM 11: 25

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>        Plaintiff,<br><br>vs.<br><br>JOHN MIKE MULIAGA,<br><br>        Defendant. | Case No. CF0501-21<br><br>**DECISION AND ORDER**<br>**(Defendant John Mike Muliaga's Motion for**<br>**a Bill of Particulars)** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on May 12, 2022, for a motion hearing on Defendant John Mike Muliaga's Motion for a Bill of Particulars. Alternate Public Defender Brycen Breazeale appeared for John Mike Muliaga ("Defendant"). Assistant Attorney General Jeremiah Luther appeared for the People of Guam ("People"). Having considered the arguments and the applicable law, the Court hereby **DENIES** Defendant John Mike Muliaga's Motion for a Bill of Particulars.

## BACKGROUND

On October 21, 2021, the Grand Jury indicted Defendant on the following charges: (1) Murder (As a First Degree Felony); (2) Aggravated Assault (As a Second Degree Felony); and (3) Two Counts of Assault (As a Misdemeanor). Indictment, Oct. 21, 2021. Defendant filed his Motion to Dismiss the Charges for Failure to Present Exculpatory Evidence to the Grand Jury. Def.'s Mot. to Dismiss Charges One, Two, and Three of the Indictment for Failure to

Present Exculpatory Evidence to the Grand Jury, Dec. 28, 2021. The Grand Jury then indicted Defendant on (1) Murder (As a First Degree Felony); (2) Aggravated Assault (As a Second Degree Felony); and (3) Two Counts of Assault (As a Misdemeanor). Superseding Indictment, Jan. 21, 2022. As the Superseding Indictment cured the defects in the Indictment, the Court never took Defendant's Motion to Dismiss Charges One, Two, and Three of the Indictment for Failure to Present Exculpatory Evidence to the Grand Jury under advisement.

On March 23, 2022, Defendant filed the instant motion. Def. John Muliaga's Mot. for a Bill of Particulars, Mar. 23, 2022. The People filed an opposition. People's Resp. to Def.'s Mot. for Bill of Particulars, Mar. 31, 2022. Defendant filed a response to the People's opposition. Def. John Mike Muliaga's Reply to People's Opp'n. to His Motion for a Bill of Particulars, Apr. 9, 2022. The Court held a motion hearing and took the parties' arguments under advisement. Minute Entry, May 12, 2022.

## DISCUSSION

Defendant argues "[t]here are no factual allegations in the Indictment indicating precisely Mr. Muliaga did cause Mr. Weilbacher's ["Victim"] death—as the Superseding Indictment is currently written." Def. John Muliaga's Mot. for a Bill of Particulars at 4. Defendant further argues "[t]he discovery also provides minimal insight to assist the Defense given the number of witnesses who do not incriminate Mr. Muliaga, the lack of any findings by the People's forensic pathologist regarding who (if either of the Defendants) caused Mr. Weilbacher's death, and the contemplation of the allegations in Charge Four that Mr. Muliaga rendered Mr. Weilbacher unconscious, followed by the co-defendant's alleged actions." *Id.* The People assert "[i]n the Defendant's own motion on Page 2 line 4 that the victim 'lay on the ground after being rendered unconscious by [Defendant]' which plainly shows that the Defendant is aware of what is being alleged by the People." People's Resp. to Def.'s Mot. for

Bill of Particulars at 3–4. The People further assert "[r]egarding the Co-Actor's charges, Defendant appears to ignore that when two people strike someone in the same instance, specially rendering them unconscious, then continue to strike his head both actors are jointly responsible for the resulting death based on their contributing involvement and mental state." *Id.* at 3.

Title 8 G.C.A. § 55.10 provides "[t]he indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall be signed by the prosecuting attorney." The Supreme Court of Guam has stated that "[i]t is well established that an indictment is sufficient which apprises a defendant of the crime with which he is charged so as to enable him to prepare his defense and to plead judgment of acquittal or conviction as a plea to subsequent prosecution for the same offense." *People v. Torres*, 2014 Guam 8 ¶ 20 (citing *People v. Jones*, 2006 13 ¶ 12). The Supreme Court of Guam also reasoned that an indictment that tracks the statute's words charging the offense "is sufficient as long as the words unambiguously set forth all the elements of the offense." *Jones*, 2006 13 ¶ 23.

Title 8 G.C.A. § 55.30 provides "[w]hether or not an indictment or information complies with § 55.10, if it fails to specify the particulars of the offense sufficiently to enable the defendant to prepare his defense, the court may, on motion of the defendant, require the prosecuting attorney to furnish the defendant with a clarification of the pleading containing such particulars as may be necessary for the preparation of the defense." "The transcript of grand jury proceedings or of the preliminary examination normally provides the defendant with all the information he needs in felony cases." Note to 8 G.C.A. § 55.10. "However, there may be cases where it is desirable to pinpoint the issues and this Section will permit such a result." *Id.*

A bill of particulars seeks to provide the defendant details of the charges to "ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). The determination of whether a bill of particulars should be provided is within the trial court's discretion. *Id.* at 1194. Thus, a motion for a bill of particulars is appropriate when a defendant "requires clarification in order to prepare a defense." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). In determining whether a bill of particulars is warranted, "a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *Id.* (citing *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979)).

The First Charge of the Superseding Indictment states:

On or about the 9th day of October, 2021, in Guam, **JOHN MIKE MULIAGA** did commit the offense of ***Murder (As a 1st Degree Felony)***, in that he recklessly caused the death of another human being, *that is: Jaron Weilbacher*, under circumstances manifesting extreme indifference to the value of human life, in violation of 9 GCA § 16.40(a)(2) and(b).

The Second Charge of the Superseding Indictment states:

On or about the 9th day of October, 2021, in Guam, **JOHN MIKE MULIAGA** did commit the offense of ***Aggravated Assault (As a 2nd Degree Felony)***, in that he did recklessly cause or attempt to cause serious bodily injury to another, *that is: Jaron Weilbacher*, in circumstances manifesting extreme indifference to the value of human life, in violation of 9 GCA § 19.20(a)(1) and(b).

The Third Charge, Count One of the Superseding Indictment states:

On or about the 9th day of October, 2021, in Guam, **JOHN MIKE MULIAGA** did commit the offense of ***Assault (As a Misdemeanor)***, in that he did recklessly cause or attempt to cause bodily injury to another, *that is: Selerino Henry*, in violation of 9 GCA § 19.30(a)(1) and (e).

The Third Charge, Count Two of the Superseding Indictment states:

On or about the 9th day of October, 2021, in Guam, **JOHN MIKE MULIAGA** did commit the offense of *Assault (As a Misdemeanor)*, in that he did recklessly cause or attempt to cause bodily injury to another, *that is: Elijah Tierra*, in violation of 9 GCA § 19.30(a)(1) and (e).

In explaining the three charges Defendant faces, the Superseding Indictment correctly tracks the language of its corresponding statutes. In tracking the language of the corresponding statutes, the People have also properly stated the elements for the offense, along with sufficient facts that adequately inform Defendant of the charges. Specifically, each charge alleges the date, the victim, and the essential elements of the crime—including Defendant's mental state. Courts have found the time, place, and the nature of each offense to be adequate information for giving a defendant notice of the charges. *See e.g., United States v. Gotti*, 784 F.Supp. 1017, 1019 (E.D.N.Y. 1992) (denying a bill of particulars because the government provided defense with the time, the place, and the nature of each offense in the indictment). Defendant argues that he is entitled to know the prosecution's precise theory at trial. Digital Recording at 1:54:46–2:08:16 (Mot. H'rg. May 12, 2022). However, "the law does not impose upon the Government an obligation to preview its case or expose its legal theory." *United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Further, the Government has no duty to disclose the precise manner in which the crimes alleged in the indictment were committed." *Id.* The Court finds no requirement in Guam law that the People provide Defendant with the People's theory of the case in the charging document.

Defendant analogizes his case to *People v. Torres*, 2014 Guam 8 and posits that the Superseding Indictment is vague because—like the Indictment in *Torres*—it tracks the plain language of the statute. Def. John Mike Muliaga's Reply to People's Opp'n. to His Motion for a Bill of Particulars at 3. In *Torres*, the Supreme Court of Guam reasoned that "[w]hile some interpretations of the indictment might implicate a factual basis that properly constitutes

assault, other interpretations fall short." *Torres*, 2014 Guam 8 ¶ 31. Like the Indictment in *Torres*, there are multiple interpretations of the Superseding Indictment in Defendant's case. However, unlike *Torres*, none of the interpretations of the Superseding Indictment in Defendant's case fall short of Murder (As a First Degree Felony), Aggravated Assault (As a Second Degree Felony), or Assault (As a Misdemeanor). Regardless of whether Defendant struck Victim first, rendering him unconscious, or if Defendant struck Victim after he was already rendered unconscious by Fiataugaluia Ahkee ("Co-Defendant"), both interpretations of the Superseding Indictment implicate a factual basis that properly constitutes the crimes charged. Moreover, the Supreme Court of Guam found in *Torres* that the evidence introduced at trial failed to shed light on the People's theory of assault. *Id.* at ¶ 32. The Grand Jury proceedings and discovery in Defendant's case demonstrate that the evidence the People plan to introduce at trial will shed light on the People's theory of the crimes charged. Defendant also states the Superseding Indictment adds confusion to Defendant's defense preparation because it also alleges that Co-Defendant caused Victim's death. Def. John Mike Muliaga's Reply to People's Opp'n. to His Motion for a Bill of Particulars at 4. Under Guam law, two people can cause the death of another, and the People may argue that both defendants contributed to Victims death. Consequently, the Court finds Defendant's case is distinct from *Torres*.

Although the Superseding Indictment does not include a direct allegation in Charge One that Defendant rendered Victim unconscious, no authority requires the People to provide such information in the charging document. Defendant has the opportunity to review the Grand Jury proceedings—which has already been provided to Defendant. The Note to 8 G.C.A. § 55.10 specifies that a copy of the grand jury proceedings "usually" provides the defendant with elucidative information. Defendant argues that the Grand Jury proceedings and

discovery provide "minimal insight" in clarifying the People's theory of the case. Def. John Muliaga's Mot. for a Bill of Particulars at 4. He further argues that the discovery reveals several witnesses who do not incriminate Defendant, there is ambiguity in the forensic pathologist's report regarding who caused fatal injuries to Victim, and the charging document specifies Co-Defendant rendered Victim unconscious. *Id.* Defendant may present exculpatory facts to the factfinder at trial but the existence of exculpatory facts does not require the People to include direct allegations in the charging document. Moreover, the exculpatory facts were presented to the Grand Jury, and the Grand Jury indicted Defendant on the charges despite the exculpatory facts.

The Court acknowledges that the People's decision to provide direct allegations in the Superseding Indictment in Charges Four and Charge Five is atypical. It is unclear why the People provided direct allegations and specific facts in Co-Defendant's charges but not in Defendant's charges. Nevertheless, while the discrepancy is perplexing, the law does not require the People to include the level of detail it included in Charge Four and Charge Five. Accordingly, the Court finds that the Superseding Indictment complies with 8 G.C.A. § 55.10 and a bill of particulars is not warranted.

## CONCLUSION

For the above reasons, the Court **DENIES** Defendant John Mike Muliaga's Motion for a Bill of Particulars.

SO ORDERED, this ‎13 day of ‎June 2022.



HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG, APO

Date: 6/13/22 Time: 11 30am

Antonio J. Cruz
Deputy Clerk, Superior Court of Guam